UNITED STATES BANKRUPTCY COURT
                   FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                              )
                                    )    Chapter 7
BARD ALAN BIGELOW and               )
JENNIFER JO BIGELOW,                )
                                    )    Bankruptcy No. 05-04484
     Debtors.                       )
                                    )
DANIEL PAUL MITCHELL,               )
                                    )    Adversary No. 07-09159
     Plaintiff,                     )
                                    )
vs.                                 )
                                    )
BARD ALAN BIGELOW,                  )
                                    )
     Defendant.                     )


**ORDER RE: PRE-ANSWER MOTION TO DISMISS**

    This matter came before the undersigned for telephonic hearing on January 2, 2008 on Defendants' Pre-Answer Motion to Dismiss.  Plaintiff Daniel Mitchell was represented by Attorney Peter Riley.  Debtor/Defendant Bard Bigelow was represented by Attorney Thomas Fiegen.  After hearing arguments of counsel, the Court took the matter under advisement.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**STATEMENT OF THE CASE**

    Debtor moves to dismiss the complaint.  He asserts, among other things, that the statute of limitations bars this proceeding.

**STATEMENT OF FACTS**

    The complaint, filed October 8, 2007, asserts Debtor failed to list Plaintiff as a creditor in his bankruptcy schedules or identify Plaintiff's litigation against him.  Plaintiff asserts his claim is excepted from discharge under § 523(a)(3).  He asks for an order authorizing him to proceed with his claim in state court or, in the alternative, an order tolling the statute of limitations on his claim against Debtor.

    Debtor moves to dismiss.  He argues, among other things, that the statute of limitations has expired as to any claim

Plaintiff could assert against Debtor.  Plaintiff states in the Complaint that the statute of limitations on his claim would expire on October 29, 2007.  Plaintiff now asserts the statute of limitations was tolled for 112 days while the automatic stay was in effect in Debtor's bankruptcy case and has not expired.

Debtor's Chapter 7 case was opened on September 14, 2005.  Discharge was entered and the case was closed on January 4, 2006.  The case remains closed at this time.  Plaintiff's motion to reopen was denied by order entered October 5, 2007, in which the Court advised Plaintiff is it not necessary to reopen a case to file a complaint to determine dischargeability.

## CONCLUSIONS OF LAW

Debtor does not cite a rule of procedure under which the Court should rule on his motion to dismiss.  The Court assumes Debtor is claiming Plaintiff has failed to state a claim upon which relief can be granted under Rule 12(b)(6).  Fed. R. Civ. P. 12; Fed. R. Bankr. P. 7012(b).  The issue under Rule 12(b)(6) is whether the plaintiff is entitled to offer evidence in support of its claims, not whether the plaintiff will ultimately prevail.  Schuster v. Anderson, 413 F. Supp. 2d 983, 995 (N.D. Iowa 2005).

A court should grant the motion and dismiss the action "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 457 U.S. 69, 73 (1984); Handeen v. Lemaire, 112 F.3d 1339, 1347 (8th Cir. 1997).  The factual allegations contained in the complaint are accepted as true and construed in the light most favorable to the plaintiff.  Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 163-65 (1993); Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998).

Generally, a Rule 12 motion to dismiss may be granted when a claim is barred under a statute of limitations.  Varner v. Peterson Farms, 371 F.3d 1011, 1018 (8th Cir. 2004).  A statute of limitations defense may require a factual inquiry beyond the face of the complaint.  Chisholm v. United of Omaha Life Ins. Co., 514 F. Supp. 2d 318, 324 (D. Conn. 2007).  A defendant may raise the statute of limitations in a Rule 12(b)(6) motion, however, where the dates in a complaint show the action is barred.  Id.

**TOLLING ARGUMENT**

Plaintiff asserts the statute of limitations on his claim was tolled for 112 days while Debtor's bankruptcy case was open and not yet discharged, citing C.H. Robinson Co. v. Paris & Sons, Inc., 180 F. Supp. 2d 1002 (N.D. Iowa 2001). To the contrary, that case states:

> Technically speaking, the Bankruptcy Code does not provide that a statute of limitations is tolled during the period of bankruptcy. Husmann v. Trans World Airlines, Inc., 169 F.3d 1151, 1153 (8th Cir. 1999). Instead, "[i]t provides that the action must be commenced within thirty days after notice of the termination or expiration of the stay." Id. at 1153-54 (citing 11 U.S.C. § 108(c)(2)); see also Hazen First State Bank v. Speight, 888 F.2d 574 (8th Cir. 1989).

C.H. Robinson Co., 180 F. Supp. 2d at 1020. Section 108 does not operate to independently toll a statute of limitations. In re Danzig, 233 B.R. 85, 93 (B.A.P. 8th Cir. 1999). If a statute of limitations is set to expire while the automatic stay is in effect, § 108 extends it until 30 days after the automatic stay expires. Id.

According to Plaintiff, the statute of limitations on his claim against Debtor expired on October 29, 2007, which is more than 30 days after the expiration of the automatic stay in Debtor's case. Therefore, pursuant to the foregoing, Debtor's bankruptcy case had no effect on the statute of limitations on Plaintiff's claim.

**EFFECT OF THIS PROCEEDING ON THE LIMITATIONS PERIOD**

Plaintiff has cited Iowa Code sec. 614.1 as the applicable statute of limitations on his claim against Debtor. The Court assumes Plaintiff is referring to subsection (4) which states that actions may be brought within five years for injuries to property. Iowa Code § 614.1(4). The complaint states that the statute of limitations on his claim expires on October 29, 2007. The manner in which this proceeding is presented to the Court raises the question of whether Plaintiff's October 8, 2007 complaint herein stayed the statute of limitations on Plaintiff's claim against Debtor.

The Iowa Supreme Court has acknowledged the general rule that "if pending litigation prevents a party from exercising a legal remedy, the delay is not counted against that party in

3

calculating the applicable limitation period." Houghton State Bank v. Peterson, 477 N.W.2d 94, 95 (Iowa 1991), citing 54 C.J.S. Limitations of Actions § 121 (1987). Ordinarily this rule does not apply where the legal proceedings are instigated by the plaintiff. 54 C.J.S. Limitations of Actions § 153 (2007). Another general rule is that "the mere assertion of a claim without any accompanying act to give effect to it cannot operate to keep alive a right which otherwise would be precluded by a statute of limitations." Jensen v. Voshell, 193 N.W.2d 86, 90 (Iowa 1971), citing 51 Am. Jur. 2d, Limitations of Actions, § 207. Furthermore, the statute of limitations is not tolled during the pendency of an action seeking to have the same matter adjudicated on another basis. 51 Am. Jur. 2d, Limitations of Actions, § 207 (2007).

There is some authority for the proposition that a statute of limitations is tolled during the pendency of a proceeding seeking leave to bring suit. Trepel v. Motor Vehicle Accident Indemnification Corp., 699 N.Y.S.2d 469, 470 (N.Y. App. Div. 1999) (plaintiff was required by statute to apply for leave to sue). In the circumstances of this case, however, there is no requirement in the Bankruptcy Code or elsewhere that Plaintiff seek leave to sue from this Court. To the contrary, bankruptcy courts share jurisdiction with other courts, such as the Iowa District Court, over the exception to discharge raised by Plaintiff, § 523(a)(3). In re Everly, 346 B.R. 791, 796 (B.A.P. 8th Cir. 2006).

As noted above, § 108(c) does not independently toll the statute of limitations in this matter. It does, however, incorporate suspensions of deadlines that are expressly provided in other federal or state statutes. Danziq, 233 B.R. at 94. For example, the running of a 10-year statute of limitations for the IRS to collect taxes is tolled during a bankruptcy case and for six months thereafter under 26 U.S.C. § 6502. In re Sharpe, 160 B.R. 614, 624 (Bankr. W.D. Mo. 1993). Plaintiff has not cited any applicable state or federal statute tolling the statute of limitations in this case, and the Court is aware of none.

## ANALYSIS

The Court may grant a motion to dismiss if a claim is barred under a statute of limitations. Plaintiff states in his complaint that the statute of limitations on his claim against Debtor expired on October 29, 2007. Debtor's Chapter 7 case did not toll the statute of limitations. Plaintiff's filing of the adversary complaint herein had no effect on the statute of limitations applicable to Plaintiff's claim. Plaintiff was not

4

required to bring this adversary proceeding before asserting its claim in Iowa District Court.  The filing of the complaint did not prevent Plaintiff from exercising his rights in state court.  The Court is not aware of any federal or state statute which tolls the statute of limitations on Plaintiff's claim against Debtor.

Debtor's motion to dismiss must be granted.  The statute of limitations has expired and Plaintiff is barred from suing on his claim against Debtor.

**WHEREFORE**, Debtor's Pre-Answer Motion to Dismiss is GRANTED.

**FURTHER**, Plaintiff's claim against Debtor is barred by the statute of limitations.

**FURTHER**, this adversary proceeding is DISMISSED.

DATED AND ENTERED:

January 22, 2008

PAUL J. KILBURG
U.S. BANKRUPTCY COURT